UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SONYA COLE, as Independent Administrator of the Estate of Curtis Cole, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANITE NURSING & REHABILITATION CENTER, LLC and AURORA CARES, LLC, d/b/a Tara Cares, LLC,<br><br>    Defendants. | Case No. 22-cv-312-JPG |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").  The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 1) filed by the defendants:

- **Failure to allege the citizenship of each member of a limited liability company.**  To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company.  *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021); *see Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381-82, (2016); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).   The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684,

686 (7th Cir. 2011); *Guaranty Nat'l Title Co. v. J.E.G. Assoc.,* 101 F.3d 57 (7th Cir.1996) (essential to trace the citizenship of investors through all levels, if, say, one LP invests in another).   The defendants' notice of removal does not adequately plead the citizenships of their members traced through however many layers of members there may be.

The Court hereby **ORDERS** that the defendants shall have up to and including **March 11, 2022,** to amend the faulty pleading to correct the jurisdictional defect.   *See* 28 U.S.C. § 1653.   Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   The defendants are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:   February 25, 2022**

                                                                     s/ J. Phil Gilbert
                                                                     **J. PHIL GILBERT**
                                                                     **DISTRICT JUDGE**